#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE DISTRICT OF SOUTH CAROLINA
#### CHARLESTON DIVISION

| | |
|---|---|
| Donta Alston, | Case No. 2:19-cv-02713-RMG |
| Plaintiff, | |
| v. | **ORDER AND OPINION** |
| The Boeing Company, | |
| Defendant. | |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge (Dkt. No. 106) recommending that the Court grant Defendant's motion for summary judgment (Dkt. No. 83). For the reasons set forth below, the Court adopts the R&R as the Order of the Court and grants Defendant's motion for summary judgment.

### I. Background and Relevant Facts

Plaintiff is an African American male who began working for Defendant as a Level A Aircraft Painter in October 2016. Plaintiff alleges, based on his prior experience painting military vehicles, that he was entitled to a higher-level position than a Level A Painter. Plaintiff claims he applied for a higher-level position—Level B Painter—but was told that the position was unavailable. Plaintiff alleges that he was treated unfairly based on his race because he was required to train newly hired Level B and Level C Aircraft Painters and because these painters allegedly were less qualified than Plaintiff. Plaintiff was promoted to a Level B Aircraft Painter in October 2017 and then to a Level C Aircraft Painter in January 2020. Plaintiff alleges his promotion from Level A to Level B was delayed based on his race.

On January 25, 2021, the Court granted in part and denied in part Defendant's motion to dismiss. (Dkt. No. 75). The Court dismissed Plaintiff's claims for breach of contract and breach

of contract accompanied by a fraudulent act. Accordingly, Plaintiff's remaining claims are for (1) race discrimination, (2) hostile work environment, and (3) retaliation in violation of 42 U.S.C. § 1981.

Defendant now moves for summary judgment. (Dkt. No. 83). Plaintiff opposes. (Dkt. No. 87). Defendant filed a reply. (Dkt. No. 89).

On October 25, 2021, the Magistrate Judge filed an R&R recommending that the Court grant Defendant's motion for summary judgment. (Dkt. No. 106). Plaintiff filed timely objections to the R&R, (Dkt. No. 107), to which Defendant responded, (Dkt. No. 108).

Defendant's motion is fully briefed and ripe for disposition.

## II. Legal Standards

### a. Fed. R. Civ. P. 56 — Summary Judgment

To prevail on a motion for summary judgment, the movant must demonstrate that there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The Court interprets all inferences and ambiguities against the movant and in favor of the non-moving party. *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). Where the moving party has met its burden, the non-moving party must come forth with "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citing Rule 56(e)); *Lilly v. Crum*, No. 2:19-CV-00189, 2020 WL 1879469, at *4 (S.D.W. Va. Apr. 15, 2020) (noting that the "mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient" to create a genuine dispute) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)).

### b. The Magistrate Judge's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where the plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). Because Plaintiff filed objections to the R&R, the R&R is reviewed *de novo*.

## III. Discussion

After a careful review of the R&R, the relevant record, and Plaintiff's objections, the Court finds that the Magistrate Judge correctly determined that Defendant is entitled to summary judgment on Plaintiff's pending claims. The Court discusses each of Plaintiff's claims in turn.

**Race Discrimination—Failure to Hire**

First, the Magistrate Judge recommended, under the burden shifting framework established by *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), granting Defendant summary judgment on Plaintiff's § 1981 claim for racial discrimination—failure to hire, (Dkt. No. 106 at 10-11). Defendant based this claim on Defendant's failure to hire him as a Level B or Level C Painter. The Magistrate Judge recommended granting Defendant summary judgment because, besides his own testimony, Plaintiff put forth no objective evidence showing he in fact applied for a Level B Painter position prior to being hired as a Level A painter. (*Id.* at 10) (citing affidavit

from Defendant's Talent Acquisition Advisor confirming Plaintiff did not apply for any Level B Painter positions until 2017). Plaintiff did not object to this portion of the R&R. Accordingly, finding no clear error in it, the Court adopts it in whole and grants Defendant summary judgment on Plaintiff's Race Discrimination—Failure to Hire claim.

**Race Discrimination—Training Duties**

The Magistrate Judge recommend granting Defendant summary judgment on Plaintiff's § 1981 claim as it concerns Plaintiff's allegation that his training higher-level employees as part of Defendant's on-the-job training ("OJT") program was racially discriminatory. (Dkt. No. 106 at 11-15). The Magistrate Judge found that no reasonable jury could conclude that OJT duties constituted an adverse employment action. The Magistrate Judge found that, beyond Plaintiff's own testimony, Plaintiff put forth no objective evidence of how OJT duties had a "significant detrimental effect" on his employment. Plaintiff filed objections to this portion of the R&R. (Dkt. No. 107 at 4-7).

"[An] adverse employment action is 'an absolute precondition' to an employment discrimination suit." *Batten v. Grand Strand Dermatology, LLC*, C/A No. 4:18-cv-0616-MGL-TER, 2019 WL 9667692, at *6 (D.S.C. Dec. 20, 2019) (quoting *Bristow v. Daily Press, Inc.*, 770 F.2d 1251, 1255 (4th Cir. 1985)). Not every personnel decision constitutes an adverse employment action for purposes of a disparate treatment claim. *Hemphill v. United Parcel Serv., Inc.*, 975 F. Supp. 2d 548, 570 (D.S.C. 2013); *see also Thorn v. Sebelius*, 766 F. Supp. 2d 585, 599 (D. Md. 2011), *aff'd*, 465 F. App'x 274 (4th Cir. 2012) ("[N]ot everything that makes an employee unhappy is actionable adverse action."). Rather, an adverse employment action is explicitly limited to those actions that affect employment or alter the conditions of the workplace. *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 62 (2006). In other words, an alleged discriminatory act must

"adversely affect[] the terms, conditions, or benefits of the plaintiff's employment." *Holland v. Washington Homes Inc.*, 487 F.3d 208, 219 (4th Cir. 2007) (internal quotation omitted). "Typical examples of adverse employment actions include 'discharge, demotion, decrease in pay or benefits, loss of job title or supervisory responsibility, [and] reduced opportunities for promotion.'" *Cole v. Wake Cty. Bd. of Educ.*, 494 F. Supp. 3d 338, 345 (E.D.N.C. 2020), *aff'd*, 834 F. App'x 820 (4th Cir. 2021), *cert. denied sub nom. Cole v. Wake Cty. BD. of ED.*, No. 20-1373, 2021 WL 2302100 (U.S. June 7, 2021) (quoting *Boone v. Goldin*, 178 F.3d 253, 255–56 (4th Cir. 1999)).

The Court finds that the Magistrate Judge ably addressed the issues and correctly found that Plaintiff has not created a question of material fact as to whether performing OJT duties constituted an adverse employment action. As correctly noted in the R&R, beyond conjecture, Plaintiff puts forth no objective evidence in support of his assertions that OJT duties were "humiliating," "burdensome," or had a significant detrimental effect on his employment. *See Mackey v. Shalala*, 360 F.3d 463, 469–70 (4th Cir. 2004) ("A plaintiff's own self-serving opinions, absent anything more, are insufficient to establish a prima facie case of discrimination."); *Wilson v. Wal-Mart, Inc.*, No. 3:15-cv-1157-JFA, 2016 WL 3086929, at *3 (D.S.C. June 2, 2016) ("Uncorroborated and self-serving testimony cannot give rise to a genuine factual dispute."); *see also* (Dkt. No. 83-4 at 2-3) (affidavit of Robert Jernigan explaining that OJT is an "informal training program" for new employees, that current employees are "asked to assist in OJT activities for new hires based on that painter's knowledge of the job," that OJT duties were generally applicable to all employees, and that various Caucasian employees performed such duties). Plaintiff's objections to this portion of the R&R repeat arguments already advanced in opposition to Defendant's motion for summary judgment, (Dkt. No. 107 at 5-6) (arguing that the Magistrate Judge erred because "Plaintiff provided testimony . . . his additional duties were 'especially

onerous or humiliating'"), and the Court accordingly rejects them, *see, e.g.*, *Ashworth v. Cartledge*, Civ. A. No. 6:11-cv-01472-JMC, 2012 WL 931084, at *1 (D.S.C. March 19, 2012) (noting that objections which were "almost verbatim restatements of arguments made in his response in opposition to Respondent's Motion for Summary Judgment ... do not alert the court to matters which were erroneously considered by the Magistrate Judge").

Thus, having reviewed this portion of the R&R *de novo*, the Court overrules Plaintiff's objections and finds that Defendant is entitled to summary judgment on Plaintiff's § 1981 Racial Discrimination —Training Duties claim.

**Racial Discrimination—Delayed Promotion**

The Magistrate Judge recommended granting Defendant summary judgment on Plaintiff's delayed promotion claim. (Dkt. No. 103 at 16-19). As noted above, Plaintiff was promoted roughly one year after beginning to work for Defendant. As accurately stated in the R&R, and as Plaintiff does not challenge in his objections, undisputed evidence shows that Plaintiff did not apply to any Level B Painter positions until after Defendant implemented certain promotion criteria in January 2017. (Dkt. No. 83-10 at 2-3) (noting "Plaintiff did not apply for a Level B aircraft painter position prior to his hire in October of 2016. Plaintiff's application for both Level B aircraft painter positions occurred after he was already employed with Boeing. . . . On October 14, 2016, at the time Plaintiff began his employment as a Level A painter, an African American, Martin Berwick, also began his employment in a Level B Aircraft Painter position"); (Dkt. No. 83-4 at 9) ("Level A to B Promotion Criteria" published around January 16, 2017 requiring "MFPP (Multi Function Process Performer) 200 qualified with no failed surveillances in (1 year)"). Plaintiff objects to this finding to the extent that the Magistrate Judge gave "no credence to the fact that . . . Plaintiff's Caucasian counterparts were promoted ahead of him after he trained them, which constitutes a

direct inference of race discrimination." (Dkt. No. 107 at 6). To this point, Plaintiff argues that he provided sufficient comparator evidence per the testimony of Jason Fugle—a Caucasian employee that Plaintiff alleges was hired a few months after him but that was promoted to Level B before he achieved a year of experience. Plaintiff also argues that while Defendant implemented "impartial one-year promotion criteria" in January 2017, Defendant only did so "after receiving numerous complaints regarding its discriminatory promotion practices." (*Id.*) (citing deposition testimony of Kevin Austin, (Dkt. No. 87-3 at 2-5)). Plaintiff adds that he had "in fact met Defendant's promotion requirements barring those MFPP 200 requirements which were no longer available to Plaintiff at that time." (*Id.* at 6-7).

As the Magistrate Judge stated, and as Plaintiff does not dispute, "[a]lthough Plaintiff is not required as a matter of law to identify a similarly situated comparator to satisfy the fourth prong of his prima facie case, *Bryant v. Aiken Reg'l Med. Ctrs., Inc.*, 333 F.3d 536, 545 (4th Cir. 2003), Plaintiff bases his allegations of discrimination relating to Defendant's delay in promoting him largely on the contention that Defendant failed to use its promotion criteria when promoting similarly situated Caucasian employees, like Jason Fugle," (Dkt. No. 106 at 17) (citing (Dkt. No. 87 at 12–13)). "When a plaintiff bases [his] discrimination claim on a similarly situated comparator, it is the plaintiff's 'task to demonstrate that the comparator is indeed similarly situated.'" *Davis v. Centex Homes*, No. 4:09-cv-830-RBH-SVH, 2011 WL 1525764, at *3 (D.S.C. Apr. 1, 2011), *adopted sub nom. Davis v. Centex Int'l II LLC*, 2011 WL 1526928 (D.S.C. Apr. 20, 2011) (internal citations omitted). In doing so, Plaintiff must demonstrate that he is similar in all relevant respects to his alleged comparators. *Hurst v. D.C.*, 681 F. App'x 186, 191 (4th Cir. 2017).

The Court finds that the Magistrate Judge ably addressed the issues and correctly found that Defendant is entitled to summary judgment on Plaintiff's delayed promotion claim. First, the

Magistrate Judge correctly found that Plaintiff had not put forth valid comparator evidence. As it concerns Fugle, Plaintiff admits in his objections—paradoxically—that Fugle is not an appropriate comparator because he "had previously worked for Defendant, not as a painter, but as an assembler" beginning in 2013. *See* Plaintiff's Objections, (Dkt. No. 107 at 6); Plaintiff's Opposition, (Dkt. No. 87 at 12) (arguing "there is a genuine issue of fact as to whether this one-year minimum experience requirement was applied to every painter[] as Plaintiff testified that Jason Fugle[] was hired as a Level A, a few months after him, and before his one-year mark"). Second, as to Plaintiff's argument that he should have been promoted before the January 2017 criteria were implemented, the Magistrate Judge correctly rejected this contention as it was based solely on Plaintiff's subjective belief that he should have been hired as a Level B Painter—a claim, as noted above, that Plaintiff did not object to the dismissal off. *See* (Dkt. No. 106 at 16) ("In response, Plaintiff argues that he should have been promoted before Defendant's promotion criteria was put in place. Plaintiff explains that 'the interviewer during [Plaintiff's] interview informed him that he was qualified for higher positions' and that he began assisting with OJT trainings only a few weeks after he was hired. Plaintiff contends that these circumstances suggest he should have been promoted before Defendant's promotion criteria was implemented in January of 2017. However, as described above, Plaintiff has failed to raise a reasonable inference of discrimination with respect to Defendant hiring him as a Level A Painter and Defendant's requirement that he participate in OJT trainings.") (internal citations omitted); (Dkt. No. 87 at 12) (citing Plaintiff Deposition, (Dkt. No. 87-2 at 19:12-22, 107:8-15) (in support of the contention Plaintiff's promotion was delayed)).[1] Third and last, the Magistrate Judge correctly found that

---

[1] The testimony Plaintiff cites does little for his argument. For example, Plaintiff testified, "But before this criteria, when I was doing all the paint jobs and doing everything good, and oh, you're doing a good job, this, that, and the other, it wasn't this. I was there every day doing this. But then

Austin's testimony—the excerpts of which the Court has reviewed—was also based on conjecture and could not create a genuine issue of material fact. *See Dash v. Mayweather*, 731 F.3d 303, 311 (4th Cir. 2013) (noting that "conclusory allegations, mere speculation, the building of one inference upon another, or the mere existence of a scintilla of evidence" cannot create genuine issues of material fact); (Dkt. No. 87-3 at 5) (testifying that "[t]his guideline only was posted after people were making complaints, and pretty much that's it").

Accordingly, the Court adopts that part of the R&R recommending that Defendant be granted summary judgment on Plaintiff's delayed promotion claim, overrules Plaintiff's objections, and grants Defendant summary judgment on this claim.

**Retaliation Claim**

The Magistrate Judge recommended, under the burden shifting framework of *McDonnell Douglas*, granting Defendant summary judgment on Plaintiff's § 1981 retaliation claim. (Dkt. No. 106 at 22). The Magistrate Judge found that Plaintiff had not created a question of material fact as to if, while making complaints about his pay, Plaintiff opposed alleged discrimination based on a protected characteristic. Plaintiff objected to this finding.

Under § 1981, to state a retaliation claim, a plaintiff must first make a *prima facie* showing of retaliation by proving that: (1) he engaged in a protected activity; (2) his employer took a materially adverse action against him; and (3) there was a causal link between the two events. *Perkins v. Intl'l Paper Co.*, 936 F.3d 196, 213 (4th Cir. 2019); *Boyer-Liberto v. Fontainebleau Corp.*, 786 F.3d 264, 281 (4th Cir. 2015) ("A prima facie retaliation claim under 42 U.S.C. § 1981 has the same elements [as a Title VII retaliation claim]."). Under § 1981, "an employee opposes

---

when the criteria came out, had to get MFPP and all this other stuff, then I had to do that." (Dkt. No. 87-2 at 107:8-14).

race discrimination when she 'communicates to her employer a belief that the employer has engaged in' such discrimination." *Ali v. BC Architects Engineers, PLC*, 832 F. App'x 167, 172 (4th Cir. 2020), *as amended* (Oct. 16, 2020) (quoting *Crawford v. Metro. Gov't of Nashville & Davidson Cnty., Tenn.*, 555 U.S. 271, 276 (2009)). An employee is protected from retaliation for reporting both "employment actions actually unlawful under [§ 1981]" and "employment actions she reasonably believes to be unlawful." *Id.* (quoting *Boyer-Liberto*, 786 F.3d at 282). "In line with other § 1981 claims, to state a § 1981 retaliation claim, a plaintiff must allege facts rendering it plausible that, but for her participation in protected activity, she would not have suffered a materially adverse action." *Id.* at 172–73 (citing *Guessous v. Fairview Prop. Inv., LLC*, 828 F.3d 208, 217–18 (4th Cir. 2016); *Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, 140 S. Ct. 1009, 1019 (2020)).

The Court finds that the Magistrate Judge ably addressed the issues and correctly found that Defendant is entitled to summary judgment on Plaintiff's retaliation claim. As the Magistrate Judge observed, Plaintiff explicitly testified he never mentioned race when making any of his complaints. (Dkt. No. 83-1 at 141:2-6) ("Q: Okay. Did you ever tell Mike or Randy or Charles that you believed you were being underpaid because of your race? A: I never told them that. Face to face, no, I never told them that."); (*Id.*) (testifying it was "unfair" to perform OJT duties). In his objections, Plaintiff repeats arguments already advanced in opposition to Defendant's motion for summary judgment. *Compare* (Dkt. No. 107 at 8-10) *with* (Dkt. No. 87 at 15-16). Most substantively, however, Plaintiff cites *Strothers v. City of Laurel*, 895 F.3d 317 (4th Cir. 2017) in support of the contention that a question of material fact exists as to his retaliation claim. Having reviewed the case, however, the Court finds it does little for Plaintiff.

The *Stothers* court explained that, when assessing whether a plaintiff has engaged in protected activity, a court should "examine not just the employee's complaint but also the factual context that is known to the employer." *Id.* at 336. The court noted that although Strothers failed to explicitly assert a claim of racial harassment, the informal memo she submitted to her supervisor did contain complaints of "harassment" and a "hostile environment," both of which were "terms of art" that signified protected activity. *Id.* These terms coupled with the fact that the City Director had mentioned to Strothers that Strothers' supervisor had wanted to hire someone of "a different race" created a genuine issue of material fact regarding whether the City was aware that Strothers had engaged in a protected activity. *Id.* Here, as explained in the R&R, no such similar circumstances exist. Plaintiff's objections are therefore overruled.

Accordingly, the Court adopts that part of the R&R recommending that Defendant's motion be granted as to Plaintiff's retaliation claim and grants Defendant summary judgment on this claim.

**Hostile Work Environment**

Last, the Magistrate Judge recommended granting Defendant summary judgment on Plaintiff's hostile work environment claim. The Magistrate Judge recommended granting Defendant summary judgment because Plaintiff claimed he "was subject to a hostile work environment when he was required to train higher-level painters and denied promotions," (Dkt. No. 106 at 24)—conduct which the Magistrate Judge had already found was not racially discriminatory, (*Id.*) ("Accordingly, Plaintiff cannot show that his 'workplace is permeated with *discriminatory* intimidation, ridicule, and insult that is sufficiently sever or persuasive to alter the conditions of his employment and create an abusive work environment.'"). While Plaintiff objects to this finding, (Dkt. No. 107 at 11) ("Plaintiff was consistently subjected to racial harassment

through Defendant's requiring him to train other Caucasian painters who had higher-level positions and pay, while denying Plaintiff a promotion and pay increase."), the Court finds, as noted *supra*, that Plaintiff has not created an issue of material fact as to whether OJT duties were discriminatory. Thus, Plaintiff's objection is overruled.

Accordingly, the Court adopts that part of the R&R recommending that Defendant's motion be granted as to Plaintiff's hostile work environment claim and grants Defendant summary judgment on said claim.

### IV.  Conclusion

For the foregoing reasons, the Court **ADOPTS** the R&R, (Dkt. No. 106), as the Order of the Court, and **GRANTS** Defendant's motion for summary judgment, (Dkt. No. 83).  The Clerk is directed to close this case.

**AND IT IS SO ORDERED.**

<u>Richard Mark Gergel</u>
Richard Mark Gergel
United States District Judge

December 1, 2021
Charleston, South Carolina